UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                    :        CASE NO.: 23-12111-RAM
                                          :
ELMM HOSPITALITY CORP.,                   :        CHAPTER 7
                                          :
        Debtor.                           :
_____/

### TRUSTEE'S MOTION TO REJECT UNEXPIRED LEASE

COMES NOW, Maria Yip, Chapter 7 Trustee, by and through undersigned counsel, moves pursuant to sections 105, 363 and 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 6006-1 and 9014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "**Local Rules**") for authority to reject certain unexpired commercial property lease (the "**Motion**"), and in support thereof, states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

### BACKGROUND

2.      ELMM Hospitality Corp. d/b/a Draft SZN (the "**Debtor**") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 17, 2023 (the "**Petition Date**").

3.      Maria Yip is the duly appointed Chapter 7 Trustee (the "**Trustee**").

4.      The Debtor used to operate as a restaurant out of certain premises located at 9559 South Dixie Highway, Pinecrest, FL 33156 (the "**Premises**").

5.      On March 23, 2023, the Trustee filed a Notice of Abandonment Effective as of March 17, 2023 [ECF #1] (the "***Notice of Abandonment***").

6.      The Premises were subject to a five-year lease which commenced on October 1, 2021 (the "***Lease***").

7.      The Debtor Leased the Premises from Gator Dadeland Partners, Ltd. (the "***Landlord***").

8.      On or about February 22, 2023, the Landlord filed a Complaint for Nonresidential Eviction (the "***Complaint***") seeking to recover unpaid rent from the Debtor, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, initiating case number 2023-004882-CA-26 (the "***State Court Action***").

9.      The monthly rent for the Premises is approximately $24,000.00.

10.     On March 20, 2023, Mr. Harry Stampler from Stampler Auctions visited the Premises. Mr. Stampler inspected the Debtor's personal property located in the Premises. In Mr. Stampler's opinion the Debtor's personal property is not worth more than $25,000.00.

11.     Based on the facts and circumstances of this case, and the potential administrative rent and expenses that would be associated with storing and liquidating the Debtor's personal property, the Trustee in her business judgment does not believe administering the Debtor's personal property will benefit the bankruptcy estate and the creditors.

**RELIEF REQUESTED**

12.     Through this Motion, the Trustee seeks an order authorizing her to reject the Lease pursuant to § 365 of the Bankruptcy Code, and Rule 6006 of the Federal Rules of Bankruptcy Procedure.   The Trustee respectfully requests that the rejection of the Lease be effective as of the Petition Date (February 28, 2023).

2

13.    The Trustee also seeks authority to execute and deliver all necessary instruments and documents, and take any additional actions necessary or appropriate to implement and effectuate the rejection of the Lease.

14.    Section 365(a) of the Bankruptcy Code authorizes a trustee to assume and assign or reject an executory contract or unexpired lease subject to the bankruptcy court's approval. 11 U.S.C. § 365(a). *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996). A debtor's decision to assume or reject an executory contract or unexpired lease is subject to the "business judgment" test. *In re Gardinier, Inc.*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Chira*, 367 B.R. 888, 898 (S.D. Fla. 2007); *In re Prime Motors, Inc.*, 124 B.R. 378, 381 (Bankr. S.D. Fla. 1991). The sole inquiry is whether assumption or rejection will benefit this estate. *Id.*; *see also In re Hawaii Dimensions, Inc.*, 47 B.R. 425, 427 (D. Haw. 1985) ("[u]nder the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate").

15.    In applying the "business judgment" test, courts show great deference to a trustee's decision to assume or reject an executory contract. *See Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). As long as the decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an executory contract or unexpired lease. *See, e.g., NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Grp. of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523 (1943).

16.    The Debtor is now in a Chapter 7 case, therefore the rejecting the Lease is in the

best interest of the estate since it will eliminate unnecessary administrative expenses.

17.     Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtor's bankruptcy estate, (b) a waiver of any of the estate's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor's bankruptcy estate, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code (except as provided in this Motion).

**WHEREFORE**, the Trustee respectfully requests the entry of an order (i) authorizing and approving the rejection of the Lease identified herein effective as of March 17, 2023, (ii) authorizing the Trustee to execute any documents necessary to implement and effectuate the rejection of the Lease; and (iii) granting such further relief that the Court deems just and proper.

Respectfully submitted this 27th day of March, 2023.

> ROBERT A. ANGUEIRA, P.A.
> 16 S.W. 1st Avenue
> Miami, Florida 33130
> Tel. (305) 263-3328
> e-mail robert@rabankruptcy.com
>
> By /s/ *Robert A. Angueira*
>     ROBERT A. ANGUEIRA, ESQ.
>     Florida Bar No. 0833241

4

Case No.: 23-12111-RAM

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served on this 27th day of March, 2023, to as follows:

Via U.S. Mail
Gator Dadeland Partners, Ltd.
c/o Mark Goldstein, Esq.
1835 NE Miami Gardens Drive, Suite 211
Miami, FL 33179

Via E-mail: markgoldstein@gmail.com

Gator Dadeland Partners, Ltd.
c/o James A. Goldsmith, Registered Agent
7850 NW 146th ST., 4th Floor
Miami Lakes, FL 33016

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 27th day of March, 2023, to:

- **Robert A Angueira**    robert@rabankruptcy.com, yanay@rabankruptcy.com;lillian@rabankruptcy.com;richard@rabankruptcy.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Jeffrey N Schatzman**    notices@schatzmanlaw.com, g2251@notify.cincompass.com;schatzman.jeffreyn.b105574@notify.bestcase.com
- **Maria Yip**    trustee@yipcpa.com, mmy@trustesolutions.net;cmmy11@trustesolutions.net

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
e-mail robert@rabankruptcy.com

By /s/ Robert A. Angueira
   ROBERT A. ANGUEIRA, ESQ.
   Florida Bar No. 0833241